Kevin S. Jones
Joseph D. Houston
Jones & Associates, PLLC
2625 Dearborn Avenue, Ste. 102A
Missoula, MT 59804
Telephone: (406) 541-3333
Facsimile: (406) 541-3444
kevin@jonesmtlaw.com
joe@jonesmtlaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ROGER LEE WOODRIFF, TRUSTEE OF THE DR. LEE WOODRIFF CHARITABLE TRUST; ALEXIS PARLOVA AND JANET PARLOVA, TRUSTEES OF THE PARLOVA FAMILY CHARITABLE REMAINDER TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES of AMERICA,<br><br>Defendant. | CV 18-29-BU-BMM-JCL<br><br><br>**FIRST AMENDED COMPLAINT** |

COME NOW Plaintiffs Roger Lee Woodriff, Trustee of the Dr. Lee

Woodriff Charitable Trust; Alexis Parlova and Janet Parlova, Trustees of the

FIRST AMENDED COMPLAINT – Page 1

Parlova Family Charitable Remainder Trust (collectively referred to as "Trusts"), by and through counsel, and for their First Amended Complaint against Defendant United States of America allege as follows:

1. Plaintiffs owned and recently sold the following described real property located in Gallatin County, Montana ("Real Property"):

> A tract of land in the NE¼SW¼ of Section 12, Township 2 South, Range 5 East, M.P.M., Gallatin County, Montana, described as follows: Beginning at a point 660 feet East of the Northwest corner of the E½SW¼ of Section 12, in Township 2 South, Range 5 East, M.P.M., at which point of beginning an iron post is set; thence running South, parallel with the West line of said E½SW¼, 660 Feet; thence East 132 feet; thence north 660 feet to the North line of said E½SW¼; thence West, along the North line 132 feet, to the place of beginning. (Deed reference: Film 100, Page 3068).

2. Defendant, through the Department of Treasury - Internal Revenue Service, asserted a Federal Tax Lien upon the Real Property. Plaintiffs are not the taxpayer responsible for payment of the Lien.

3. Through the Federal Tax Lien, Defendant forced the payment of $220,717.72 out of Plaintiffs' sale proceeds from the Real Property. Alternatively, Plaintiffs sought a certificate of discharge of the Real Property from the Federal Tax Lien, deposited with Defendant the amount of the lien, and obtained a Certificate of Discharge of Property From Federal Tax Lien.

4. This Court has jurisdiction over the parties and the subject matter of this case pursuant to 26 U.S.C. § 7426(a)(1), (4) and 28 U.S.C § 1346(a), (e).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1402(c) and D.Mont.L.R. 3.2(b), because the Real Property is situated within the Butte Division of United States District Court for the District of Montana.

6. The Real Property was owned by Centro, Ltd., an entity owned by Lee Woodriff, Alexis Parlova and Janet Parlova. On April 10, 2006, Centro, Ltd., agreed to sell and convey the Real Property to Babcock Property, LLC, Keith Flanigan, member, pursuant to a written Contract for Deed.

7. The purchase price under the Contract for Deed was to be paid through an initial down payment and monthly installment payments amortized over 30 years, with interest thereon at the rates specified by the Contract and all addendums thereto.

8. As the buyer, Babcock Property, LLC, Keith Flanigan, member, held only an equitable interest in the Real Property. The buyer's equitable interest in the property was made known to the public and third-parties by the recording of a Notice of Purchaser's Interest, consistent with custom and practice in Montana. The seller, Centro, Ltd., continued to hold fee title to the Real Property.

9. Under the terms of the Contract for Deed, and consistent with Montana law, the Contract for Deed buyer does not receive fee title to the Real Property unless and until the purchase price is paid in full. Should the buyer default, the Contract for Deed may be terminated. At that time, the buyer's

equitable interest in the Real Property, and any liens attaching thereto, also terminate.

10.     In February of 2013, Babcock Property, LLC, Keith Flanagan, member, assigned his buyer's interest in the Contract for Deed to Timothy Lacotta, whose last known address is 12150 Big Davis Road, Three Forks, Montana 59752.

11.     Unbeknownst to Centro, Ltd. or Plaintiffs, A Notice of Federal Tax Lien was entered on November 24, 2016, in the amount of $207,742.08, which Notice was filed on December 5, 2016, as Document No. 2565383, with the Clerk and Recorder for Gallatin County, Montana, in favor of Defendant and against Timothy Lacotta.  The Notice of Federal Tax Lien appears to have been filed by the Seattle, Washington, internal revenue office.  Defendant did not provide Centro, Ltd. or Plaintiffs with actual notice of the Federal Tax Lien.

12.     Unbeknownst to Centro, Ltd. or Plaintiffs, Montana Department of Revenue also asserted a tax lien against Timothy Lacotta's equitable interest in the Real Property.

13.     Timothy Lacotta defaulted on the Contract for Deed by failing to pay the property taxes on the real property and by failing to pay the periodic payments as required under the terms of the Contract.  The third and final Notice of Default was dated December 13, 2016.  Lacotta failed to cure the default within the 30 days provided for in the Contract.  Due to Lacotta's uncured default, the Contract

for Deed and Lacotta's equitable interest in the Real Property were terminated. A Quitclaim Deed releasing any interest of Lacotta in the Real Property was recorded on January 31, 2017.

14. Both the Federal Tax Lien and the Montana Department of Revenue tax lien on the Real Property attached only to Timothy Lacotta's equitable interest. The liens did not attached Centro, Ltd.'s fee title interest in the Real Property. Termination of Lacotta's equitable interest in the Real Property also terminated the attachment of the tax liens to the Real Property.

15. At the time of Lacotta's default on the Contract for Deed, his equitable interest in the Real Property was of no value. The balance owed on the Contract for Deed equaled or exceeded the Contract purchase price.

16. In the Fall of 2017, Centro, Ltd. entered into an agreement to sell the Real Property to a third party. A preliminary title report revealed the existence of the Federal Tax Lien and the Montana Department of Revenue tax lien.

17. By letter dated December 13, 2017, Defendant was given notice of Timothy Lacotta's prior default and an opportunity to cure the default. The default was not cured. Therefore, the Federal Tax Lien should have been released from the Real Property.

18. The Montana Department of Revenue also was notified of Timothy Lacotta's default on the Contract for Deed and the termination of his equitable

interest.  Upon receiving this notification, the Montana Department of Revenue voluntarily and appropriately released the Real Property from its lien.

19. Plaintiffs could not convey or transfer clear title to the Real Property without a discharge or release of the Federal Tax Lien.  Plaintiffs requested or applied for a certificate of discharge of the Real Property from the Federal Tax Lien.

20. Prior to closing on the transaction to sell the Real Property, the owners of Centro, Ltd. transferred its title in the Real Property to the Plaintiff Trusts, with the intention of donating the sale proceeds to Montana State University to fund specific scholarships.

21. Plaintiffs sold the real property to the third party on or about February 26, 2018.  The title company acting as escrow agent for the transaction would not insure title to the Real Property unless the Federal Tax Lien was released or discharged.  The title company agreed to hold in escrow the amount equal to the Federal Tax Lien for 60 days.  During that time, Plaintiffs continued their efforts to obtain a discharge or release of the Real Property from the Federal Tax Lien.

22. Upon 60 days from closing, Defendant still had not discharged or released the Real Property from the Federal Tax Lien.  As a result, the title company was forced to deposit with Defendant $220,717.72 out of Plaintiffs' sale proceeds from the Real Property, which amount reflects the total amount

Defendant claimed under Federal Tax Lien issued to Timothy Lacotta.

23.   Defendant constructively levied or seized $220,717.72 out of Plaintiffs' sale proceeds of the Real Property.  Defendant's actions were wrongful because the taxpayer, Timothy Lacotta, did not hold any interest in the Real Property to which the Federal Tax Lien could legally attach.  Plaintiffs' interest in the sale proceeds were senior to the Federal Tax Lien and Defendant's forced payment of the sale proceeds destroyed Plaintiff's interest therein.  Defendant's actions constitute a wrongful levy actionable by 26 U.S.C. § 7426(a)(1).

24.   Plaintiffs requested a certificate of discharge of the Real Property from the Federal Tax Lien and deposited with Defendant funds equal to the amount of the Lien.  Defendant knew or should have known that the deposit was from Plaintiffs' sale proceeds of the Real Property and was made under protest.  Defendant also knew or should have known that the certificate of discharge sought by Plaintiffs was not the type of discharge that would prevent Plaintiffs from pursuing a civil action for a refund of the deposit.

25.   A Certificate of Discharge of Property From Federal Tax Lien was issued by Defendant on May 30, 2018, only after the commencement of this action.  Pursuant to 26 U.S.C. § 7426(a)(4), Plaintiffs alternatively bring this action to seek a determination that Defendant has no interest in the Real Property or in Plaintiffs' sale proceeds from the Real Property, or that Defendant's interest therein is less

than the value deposited with Defendant.

25. Plaintiffs seek the recovery from Defendant for its erroneous assessment, collection and/or retention of Plaintiffs' sale proceeds from the Real Property, pursuant to 28 U.S.C. § 1346(a)(1). Plaintiffs have exhausted their administrative remedies.

WHEREFORE, Plaintiffs pray for the following relief:

1. For an order recognizing Defendant's constructive levy against Plaintiffs' sale proceeds from the Real Property as wrongful, or in the alternative, for a determination that Defendant had no interest in the Real Property or in Plaintiffs' sale proceeds from the Real Property;

2. For judgment against Defendant in the amount of $220,717.72, with interest accruing at the rate allow by law;

3. For recovery of Plaintiffs' costs and reasonable attorney fees incurred by this action; and

4. For such other and further relief as the Court deems just and proper.

DATED this 10th day of July, 2018.

                    JONES & ASSOCIATES, PLLC

                    By: /s/ Joseph D. Houston
                          Joseph D. Houston
                          Jones & Associates, PLLC
                          Attorneys for Plaintiffs